IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ARRI NICOLE CHAVEZ,<br>*Plaintiff*,<br><br>v.<br><br>JEFFERSON COUNTY, TEXAS, *et al.*,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 1:22-CV-257-MJT<br>§<br>§<br>§<br>§<br>§ |

**ORDER OVERRULING IN PART AND
SUSTAINING IN PART PLAINTIFF'S OBJECTIONS [Dkt. 169]**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred Defendant Jefferson County's Motion for Summary Judgment [Dkts. 140, 164] to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration and disposition.  On August 19, 2024, Judge Stetson entered a Report and Recommendation [Dkt. 168] in which she recommended granting in part and denying in part Defendant's motion.  [Dkt. 140].

Judge Stetson first recommended that Defendant Jefferson County is a proper party to Plaintiff's *Monell* claims.  [Dkt. 168 at 9–12, 17].  Next, the report recommended that the Court deny Defendant's motion [Dkt. 140] as to Plaintiff's conditions of confinement claims but that the Court grant Defendant leave to file a second motion for summary judgment specifically briefing and including the following:

(1) whether Plaintiff was arrested for a parole violation (supported by permissible evidence) and, if so, the resultant constitutional framework to be applied;

(2) which of the alleged policies articulated in Plaintiff's Second Amended Complaint Defendant is challenging and, for each challenged policy, each element of an unconstitutional condition of confinement claim on which there is no genuine dispute of material fact;

   (3) a proper Statement of the Issues to be Decided; and

   (4) a proper Statement of Undisputed Material Facts

[Dkt. 168 at 12–18].  Defendant's new motion would be followed by Plaintiff's response setting forth proper summary judgment evidence supporting these claims.  *Id.* at 16, 18.  Judge Stetson next found that Plaintiff did not adequately allege an episodic acts or omissions claim, and recommended dismissal thereof.  *Id.* at 13–14, 16–18.  Lastly, the report recommended that Defendant's request to dismiss Defendants John Does 1-10 be dismissed as moot.  *Id.* at 17–18.

**I.**  **Plaintiff's Objections to the Report and Recommendation [Dkts. 168, 169]**

 Plaintiff objects to two recommendations: (1) that Defendant be permitted to file a second motion for summary judgment; and (2) that Plaintiff's episodic acts or omissions claims be dismissed.  [Dkt. 169 at 2–3].

  a.  <u>Defendant's Second Motion for Summary Judgment</u>

 Plaintiff's objection to a second motion for summary judgment is threefold: (1) it amounts to a "second bite at the apple" for Defendant; (2) Judge Stetson's recommended issues to be addressed in a new motion do not need to be resolved; and (3) that litigating a new motion would constrain judicial economy and the parties' resources.  *Id.* at 2–6.

 As an initial matter, here the Court does not feel constrained by an ironclad one-motion-only rule.  *See* FED. R. CIV. P. 56; E.D. TEX. LOC. R. CV-56.  Plaintiff's citations to federal courts exercising their discretion to allow parties to file additional motions for summary judgment makes this obvious enough.  *See* [Dkt. 169 at 7 nn.4–5].  In fact, the Federal Rules encourage that Rule 56 be "construed, administered, and employed by the" Court in a manner securing a "just, speedy, and inexpensive determination of" this case.  FED. R. CIV. P. 1.  The Local Rules also envision parties "fil[ing] more than one summary judgment."  E.D. TEX. LOC. R. CV-7(3).  This understanding informs the Court's review.

Judge Stetson's well-grounded concern for judicial efficiency negates each point raised by Plaintiff. This case is complex, and messy. The facts and claims are complicated, and the defendants, at one time, many. Judicial process has winnowed the case down to one Defendant (following the court's adoption of the Report and Recommendation [Dkt. 168], in relevant part). But, as Judge Stetson accurately observed, *each* party's pleadings and briefing are unclear and leave "critical" issues unresolved. *Id.* at 15, 17. Suffice it to say, several deficiencies plaguing Defendant's first motion for summary judgment [Dkt. 140] arise from inadequacies in Plaintiff's own filings. *See* [Dkt. 168 at 13–15]. Because Plaintiff will have the opportunity to respond to Defendant's new motion, she can also enjoy a "second bite at the apple," given that the first was a little worm-eaten.

Plaintiff specifically argues that there is "no need to determine" the issue of whether Plaintiff is a pretrial detainee or a detained parolee. [Dkt. 169 at 4]. This issue, however, is paramount to the proper resolution of this case because the latter would trigger heightened review of Plaintiff's conditions of confinement claims. *See Presley v. Sanders*, No. 1:14-CV-130-MTP, 2016 WL 6651375, at *2 (S.D. Miss. Nov. 10, 2016) (reasoning that detained parolees "do not get the benefit" of *Bell v. Wolfish*, 441 U.S. 520 (1979)).[1] This issue is further compounded by the fact that "both Fourteenth Amendment due process concerns and the Eighth Amendment's prohibition against cruel and unusual punishment are implicated" when a parolee is incarcerated. *Id.* (first citing *Hamilton v. Lyons*, 74 F.3d 99, 104 n.4 (5th Cir. 1996); and then citing *Rankin v. Klevenhagen*, 5 F.3d 103, 106 (5th Cir. 1993)). Consequently, detained parolees can bring separate conditions of confinement claims under the Eighth and Fourteenth Amendments. *See id.* at *3 & n.3 ("Detained parolees who cannot support a claim of unconstitutional conditions under the

---

[1] *Bell v. Wolfish*, 441 U.S. 520 (1979), permits a court to infer the unlawful intent to punish if a restriction or condition is not reasonably related to a legitimate governmental objective. *Presley*, 2016 WL 6651375, at *2. Detained parolees are not afforded this presumptive intent to punish and thus face a steeper hurdle to relief. *See id.* at *2–*3.

3

Fourteenth Amendment standard we announce today may of course still seek relief under the Eighth Amendment. The constitutional rights of parolees are at least as extensive as those of convicted prisoners.") (citing *Hamilton*, 74 F.3d at 106 n.8) (internal citation omitted); *see also Ard v. Rushing*, 597 F. App'x 213, 218 (5th Cir. 2014) ("[I]n suits brought by detained parolees, both the Fourteenth and Eighth Amendment standards apply.") (citation omitted). Each of these claims, in turn, involves a distinct inquiry. *See Presley*, 2016 WL 6651375, at *3. This is yet another issue the parties need to clarify in the second round of briefing.[2]

      Prior to filing her instant objections [Dkt. 169], Plaintiff agreed that the appropriate legal framework is an important issue. In her Second Amended Complaint [Dkt. 123 at 48–49] and Response [Dkt. 151 at 15 n.6], Plaintiff averred that this Court should apply a less-stringent objective unreasonable standard to any constitutional claim brought by a pretrial detainee, notwithstanding Fifth Circuit precedent to the contrary. And for good reason. The applicable body of law influences trial strategy, jury instructions, appellate review, and on and on. Here, the applicable standard is not clear, nor has it been briefed. Plaintiff's claim that "[t]his case is ready for trial" is plainly premature. [Dkt. 169 at 7]. Apart from this, Plaintiff's conditions of confinement claims also demand clarification and are not "straightforward," *id.* at 6, for the reasons articulated by the Magistrate Judge. [Dkt. 168 at 14–15].

      Plaintiff's concern over economy is well-taken, particularly her interest in trying this case and avoiding more costs. [Dkt. 169 at 7]. But as discussed above, proceeding to trial with "critical" issues left unresolved would more than likely "strain party and judicial resources." *Id.* The Court adds that any alleged "delay" in this respect is partially self-inflicted—"simple, concise, and direct" pleadings are prudently mandated by the Federal Rules: obscurity tends to beget more

---

[2] In her Seconded Amended Complaint, Plaintiff equivocally claims that her violated rights flow from "the Eight and/or Fourteenth Amendments." [Dkt. 123 at 49, 51].

obscurity. FED. R. CIV. P. 8(d)(1). What Plaintiff characterizes as an unfair "roadmap," the Court considers an equal opportunity for the parties to "secure the just, speedy, and inexpensive determination" of this case. FED. R. CIV. P. 1. Defendant's second motion for summary judgment, followed by Plaintiff's response, will accomplish just that.

    b. <u>Dismissal of Plaintiff's Episodic Acts or Omissions Claims</u>

  The Court will sustain Plaintiff's second objection. Plaintiff claims that the Magistrate Judge's recommended *sua sponte* dismissal of her episodic acts or omissions claims deprives her of "notice of the court's intention and an opportunity to respond." [Dkt. 169 at 9].

  The "broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.'" *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (quoting *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)). In the context of summary judgment, however, courts generally do "not grant summary judgment *sua sponte* on grounds not requested by the moving party."[3] *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 641 (5th Cir. 2007) (citation and quotation mark omitted). "An exception exists when the district court gives a party ten days['] notice." *Id.* (citing *Judwin Properties, Inc. v. U.S. Fire Ins. Co.*, 973 F.2d 432, 436–37 (5th Cir. 1992)); *see also Molina v. Home Depot USA, Inc.*, 20 F.4th 166, 168–69 (5th Cir. 2021) (same).

  After recognizing that Defendant did not challenge an episodic acts or omissions claim in their motion, the Magistrate Judge found that Plaintiff did not sufficiently plead such a claim and therefore recommended a *sua sponte* dismissal. [Dkt. 168 at 13–14, 16–18]. Because Defendant did not raise this issue in their summary judgment motion and a ten day-notice was not issued, the

---

[3] This is not to say that courts cannot do so. Rule 56 explicitly permits a court to grant summary judgment "on grounds not raised by a party" "[a]fter giving notice and a reasonable time to respond." FED. R. CIV. P. 56(f)(2).

Court's *de novo* review concludes that the *sua sponte* dismissal of these claims would be in error.[4] *See* FED. R. CIV. P. 72(b)(3); *Molina*, 20 F.4th at 168–69; *Lozano*, 489 F.3d at 641; *see also* FED. R. CIV. P. 56(f)(2).

Plaintiff is now on notice and will have an opportunity to address this issue in their response to Defendant's second motion for summary judgment. In so doing, the Court advises Plaintiff to heed the Magistrate Judge's report. [Dkt. 168]. Repeated declarations of boilerplate claims do not summon them into existence and the Court will not sift through a voluminous record to cobble together evidence in their support. *See id.* at 13, 16–17; *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014); FED. R. CIV. P. 56(c)(3); E.D. TEX. LOC. R. CV-56(a). Without passing judgment at this time, the Court highly recommends that Plaintiff follow Judge Stetson's "roadmap" as to the viability of her municipal episodic acts or omissions claims given that the Court has already determined that none of the individual jailers in this case acted with subjective deliberate indifference. *See* [Dkts. 105 at 9–20, 168 at 13–14].

## II. Conclusion and Order

The Court has conducted a *de novo* review of Plaintiff's objections consistent with the pleadings, briefing, and applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, Plaintiff's objections [Dkt. 169] are OVERRULED in part and SUSTAINED in part. The Report and Recommendation of the United States Magistrate Judge [Dkt. 168] on Defendant's Motion for Summary Judgement [Dkt. 140] is ADOPTED in part.

---

[4] The result would likely not change were the Court to characterize the recommendation as a *sua sponte* dismissal for failure to state a claim under Rule 12(b)(6). Courts can dismiss deficiently-pleaded claims *sua sponte* "as long as the procedure employed is fair." *Lozano*, 489 F.3d at 642. This also typically requires "both notice of the court's intention and an opportunity to respond." *Id.* at 642–43 (citation and quotation mark omitted). As discussed above, neither of these were met. There is an exception to this "if the plaintiff has already alleged his best case." *Carver*, 18 F.4th at 498 n.\* (citation omitted). This is shown if a plaintiff "(1) repeatedly declared the adequacy of that complaint in ... response to the defendant's motion to dismiss and (2) refused to file a supplemental complaint even in the face of a motion to dismiss." *Id.* (citation and quotation marks omitted). Such is not the case here and the best-case exception is therefore inapplicable.

Defendant's Motion for Summary Judgment [Dkt. 140] is GRANTED in part and DENIED in part. Defendant Jefferson County is a proper party to this case so Defendant's request for dismissal is DENIED. Because there are no longer claims pending against Defendants John Does 1-10, Defendant's request to dismiss them is DENIED as moot.

Defendant's motion to dismiss Plaintiff's unconstitutional conditions of confinement claims is DENIED. Defendant is granted leave to file a second motion for summary judgment addressing and including the following:

(1) whether Plaintiff was arrested for a parole violation (supported by permissible evidence) and, if so, the resultant constitutional framework to be applied;

(2) which of the alleged policies articulated in Plaintiff's Second Amended Complaint [Dkt. 123] Defendant is challenging and, for each challenged policy, each element of an unconstitutional condition of confinement claim *and* episodic acts or omissions claim for which there is no genuine dispute of material fact;

(3) a proper Statement of the Issues to be Decided; and

(4) a proper Statement of Undisputed Material Facts.

In turn, Plaintiff will respond with proper summary judgment evidence as to each element of all her constitutional claims under the appropriate legal frameworks. Moving forward, clarity should be an animating principal for both parties so as to avoid costs and delay.

**SIGNED this 11th day of September, 2024.**

Michael J. Truncale
United States District Judge