IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ARRI NICOLE CHAVEZ, § | |
| § | |
| *Plaintiff*, § | |
| § | CIVIL ACTION NO. 1:22-CV-257-MJT |
| v. § | |
| § | |
| JEFFERSON COUNTY, TEXAS, § | |
| § | |
| *Defendant*. § | |

### ORDER OVERRULING DEFENDANT'S OBJECTIONS AND ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred Defendant Jefferson County, Texas's Second Motion for Summary Judgment [Dkt. 179] to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration and disposition. [Dkt. 180].

On December 18, 2024, the Magistrate Judge issued a Report and Recommendation [Dkt. 184] advising the Court to grant in part and deny in part Defendant Jefferson County, Texas's (the "County's") Second Motion for Summary Judgment [Dkt. 179]. The Magistrate Judge first found that police officers arrested Plaintiff Arri Nicole Chavez pursuant to a valid parole arrest warrant for a parole violation committed while Plaintiff was on parole. *Id.* at 7–9. The report therefore treated Plaintiff as a detained parolee and applied the appropriate constitutional framework to her claims. *Id.* Pursuant to that framework, the Magistrate Judge recommended the following as to the County's motion: (1) denial as to Plaintiff's unconstitutional conditions-of-confinement claims brought under the Fourteenth Amendment; and (2) granted as to Plaintiff's Fourteenth Amendment

episodic-acts-or-omissions claims and both her conditions-of-confinement and episodic-acts-or-omissions claims brought under the Eighth Amendment. *Id.* at 11–29.

The parties' objections to the report were due by January 2, 2025. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 6(a)(1), (6). On December 30, 2024, the County filed timely objections to the report. [Dkt. 185]. To date, Plaintiff has not filed objections.[1] A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

### I. The Unobjected-to Findings of Facts and Conclusions of Law of the Report and Recommendation [Dkt. 184] are Adopted

No party objected to the following findings of fact and conclusions of law: (1) Plaintiff's conditions-of-confinement and episodic-acts claims brought under the Eighth Amendment should be dismissed for failure to create a genuine dispute of material fact as to whether any of the named County officials acted with the requisite deliberate indifference; (2) Plaintiff's episodic-acts claims brought under the Fourteenth Amendment should be dismissed for the same reason.

---

[1] Pursuant to Federal Rule 72(b)(2), Plaintiff filed a response to the County's objections. [Dkt. 188].

The Court has received and considered the Report and Recommendation of the United States Magistrate Judge [Dkt. 184] pursuant to such referral, along with the record, pleadings, and all available evidence. After careful consideration, the Court finds that the above unobjected-to findings of fact and conclusions of law of the United States Magistrate Judge are correct. Accordingly, the above unobjected-to findings of fact and conclusions of law in the Report and Recommendation of the United States Magistrate Judge, *id.*, are adopted. Plaintiff's Eighth Amendment conditions-of-confinement and episodic-acts claims, as well as her Fourteenth Amendment episodic-acts claims, are dismissed.

## II.     The County's Objections [Dkt. 185] to the Report and Recommendation [Dkt. 184] are Overruled

The County's three specific objections center on the same finding of fact and conclusion of law: that Plaintiff is a detained parolee who can bring her conditions-of-confinement claims under the Fourteenth Amendment in addition to the Eighth Amendment. [Dkt. 185 at 2–3]. The County argues that Plaintiff is a convicted prisoner whose claims are exclusively governed by the Eighth Amendment and that the Magistrate Judge incorrectly classified Plaintiff as a detained parolee whose Fourteenth Amendment conditions-of-confinement claims survive summary judgment. *Id.*

The Court agrees with the County that "[t]he status of a detainee determines the constitutional framework that applies." *Id.* at 4. The issue here being whether Plaintiff is a convicted prisoner limited to bringing her claims under the Eighth Amendment or a detained parolee permitted to bring her claims under both the Eighth and Fourteenth Amendments. *Finch v. Texas Dep't of Pub. Safety*, No. 6:22-CV-026, 2024 WL 791000, at *13 (E.D. Tex. Jan. 12, 2024), *R & R adopted*, No. 6:22-CV-00026, 2024 WL 778390 (E.D. Tex. Feb. 26, 2024) (citing *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996)) ("But the Eighth Amendment only

applies to convicted prisoners."); *Presley v. Sanders*, No. 1:14-CV-130-MTP, 2016 WL 6651375, at *2 (S.D. Miss. Nov. 10, 2016) (citing *Hamilton v. Lyons*, 74 F.3d 99, 104 n.4 (5th Cir. 1996)) ("Detained parolees who cannot support a claim of unconstitutional conditions under the Fourteenth Amendment standard we announce today may of course still seek relief under the Eighth Amendment."); *Ard v. Rushing*, 597 F. App'x 213, 218 (5th Cir. 2014) (citation omitted) ("[I]n suits brought by detained parolees, both the Fourteenth and Eighth Amendment standards apply.").

The County contends that a convicted prisoner is "a person [who] is on parole, or probation, and is arrested on a warrant for a parole violation not related to a new crime." [Dkt. 185 at 4]. Detained parolees, on the other hand, "are individuals who are on parole, or probation, and commit a new crime … for which they have not yet been adjudicated." *Id.* According to the County, Plaintiff is the former because she "was not arrested for a new crime while on parole" and "was solely being held on a parole violation not resulting from a new charge." *Id.* at 4–5 (alteration in original.)

Even assuming the merit of the County's argument as a matter of law, the summary judgment record does not support its position factually. The County first points to "Plaintiff's criminal history attached to her response … show[ing] no new offense committed by Plaintiff after she was placed on parole." *Id.* at 5. The "attached," however, only documents Plaintiff's conviction(s) and therefore does not provide any information on whether Plaintiff was arrested for a new crime for which she had (or has) not yet been adjudicated. *See* [Dkt. 181-2]. The County's reference to "the Jefferson County's Sheriff's Office paperwork" is similarly unavailing. [Dkt. 185 at 5]. That evidence establishes that police officers arrested Plaintiff on July 16, 2020, pursuant to a valid parole arrest warrant for a parole violation committed while Plaintiff was on

parole. [Dkt. 184 at 8]. The County's teletype business record from July 16, 2020, demonstrates that the Texas Department of Criminal Justice Parole Division, Austin confirmed with police officers that "subject [Plaintiff] wanted as parole violator per warrant# 05-18-2020" and that the officers were authorized to "arrest and detain" her. [Dkts. 179-1 at 66, 181 at 12]. Under Texas law, "a [parole] warrant or summons may be issued under Section 508.251 if … the person violated a rule or condition of release." TEX. GOV'T CODE ANN. § 508.252 (West 2003).

Fatal to the County's objections is that the summary judgment evidence does not establish what "rule or condition of release" Plaintiff allegedly violated. *See* [Dkts. 179, 181, 182, 183]. This is crucial because it is fairly common for the Texas Board of Pardons and Paroles to grant parolee release upon the condition that individuals "[o]bey all municipal, county, state and federal laws." *See, e.g.*, *Morrison v. Stephens*, No. 2:11-CV-0254, 2015 WL 1408916, at *1 (N.D. Tex. Mar. 27, 2015); *Norwood v. Thaler*, No. 7:07-CV-066-O, 2010 WL 3808981, at *4 (N.D. Tex. Sept. 28, 2010) ("Upon his parole release, Norwood was put on notice that, as a condition of his parole, he was required to obey all municipal, county, state and federal laws."); *Gaddis v. Dir., TDCJ-CID*, No. 1:07-CV-979, 2009 WL 1957478, at *2 (E.D. Tex. July 7, 2009) ("Petitioner was accused of violating the second condition of his release on parole, which required him to obey all municipal, county, state and federal laws.").

In moving for summary judgment, the County provided no evidence showing that Plaintiff was "solely held on a parole violation not resulting from a new charge." [Dkt. 185 at 5 [alteration in original]]; *see* [Dkts. 179, 181, 182, 183]. Consequently, the County did not satisfy its burden under Rule 56 and the Magistrate Judge correctly considered Plaintiff a detained parolee. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). Because the County did "not move for summary judgment nor

analyze" [Dkt. 184 at 27] Plaintiff's permissible Fourteenth Amendment unconstitutional conditions-of-confinement claims, its objections [Dkt. 185] are overruled.

### III.    Conclusion and Order

The Court has conducted a *de novo* review of the objected-to findings of the Report and Recommendation [Dkt. 184] and concludes that they are correct. Defendant Jefferson County, Texas's objections [Dkt. 185] are overruled. It is therefore ORDERED that the objected-to findings of the Report and Recommendation [Dkt. 184] are ADOPTED. Defendant Jefferson County, Texas's Second Motion to Dismiss [Dkt. 179] is DENIED as to Plaintiff Arri Nicole Chavez's Fourteenth Amendment unconstitutional conditions-of-confinement claims.

The Court has additionally reviewed the unobjected-to findings of fact and conclusions of law of the United States Magistrate Judge and concludes that they are correct. It is therefore further ORDERED that the unobjected-to findings of fact and conclusions of law in the Report and Recommendation [Dkt. 184] are ADOPTED. Defendant Jefferson County, Texas's Second Motion to Dismiss [Dkt. 179] is GRANTED as to Plaintiff Arri Nicole Chavez's Fourteenth Amendment episodic-acts-or-omissions claims and both her conditions-of-confinement and episodic-acts-or-omissions claims brought under the Eighth Amendment.

Accordingly, the findings of fact and conclusions of law in the Report and Recommendation [Dkt. 184] are ADOPTED in full. Defendant Jefferson County, Texas's Second Motion to Dismiss [Dkt. 179] is GRANTED IN PART and DENIED IN PART consistent with this order. The case shall proceed to trial on the remaining claims.

**SIGNED this 13th day of January, 2025.**

Michael J. Truncale
United States District Judge